IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KOLBY P. BEARDEN,<br><br>              Plaintiff,<br><br>vs.<br><br>BRADLY REIS, Lincoln Police Officer,<br><br>              Defendant. | **4:20CV3045**<br><br>**MEMORANDUM**<br>**AND ORDER** |

      Plaintiff Kolby Bearden brings this 42 U.S.C. § 1983 action as a result of events that occurred when he was incarcerated at the Lancaster County Jail in April 2019. The court has granted Plaintiff permission to proceed in forma pauperis (Filing 10), and the court now conducts an initial review of the Complaint (Filing 1) to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

## I. SUMMARY OF COMPLAINT

      Plaintiff alleges that when he was being held at the Lancaster County Jail in April 2019, Defendant Reis, a Lincoln City Police Officer, came to the jail to give Plaintiff a ticket; told Plaintiff he was required to talk to him even though Plaintiff asked for a lawyer; and choked and punched Plaintiff when Plaintiff tried to leave the room. After an internal investigation, Plaintiff claims Defendant was found to have violated Lincoln Police Department General Orders, and disciplinary action "would be enforced." (Filing 1-1 at CM/ECF pp. 1-2.) Plaintiff asserts claims under 42 U.S.C. § 1983 and under state law for assault, demanding $10 million for physical and mental damages he allegedly suffered. (*Id*. at CM/ECF pp. 1-3.)

## II.  LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

## III.  DISCUSSION

### A.  Section 1983 Claim Against Officer Reis in Official Capacity

Because Plaintiff does not specify the capacity in which he sues Defendant Reis, the court must assume he is sued in his official capacity only. *See Johnson v.*

*Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999) (reiterating that when a plaintiff fails to "expressly and unambiguously" state that a public official is sued in his or her individual capacity, the court "assume[s] that the defendant is sued only in his or her official capacity"). "A suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent"—here, the City of Lincoln. *Marsh v. Phelps Cnty.*, No. 17-1260, 2018 WL 3863923, at *4 (8th Cir. Aug. 15, 2018) (internal quotation and citation omitted); *see also Johnson*, 172 F.3d at 535 ("A suit against a public employee in his or her official capacity is merely a suit against the public employer.").

As a municipal defendant, the City of Lincoln may only be liable under section 1983 if its official "policy" or "custom" caused a violation of the plaintiff's constitutional rights. *Doe By & Through Doe v. Washington Cnty.*, 150 F.3d 920, 922 (8th Cir. 1998) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)). An "official policy" involves a deliberate choice to follow a course of action made from among various alternatives by an official who has the final authority to establish governmental policy. *Jane Doe A By & Through Jane Doe B v. Special Sch. Dist. of St. Louis Cnty.*, 901 F.2d 642, 645 (8th Cir. 1990) (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986)). To establish the existence of a governmental "custom," a plaintiff must prove:

> 1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;
>
> 2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and
>
> 3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was the moving force behind the constitutional violation.

*Jane Doe*, 901 F.2d at 646.

Here, Plaintiff has not presented any allegations even suggesting the existence of an official policy or custom of violating inmates' constitutional rights. Therefore, as currently drafted, Plaintiff's Complaint fails to state a cognizable claim against Lincoln Police Officer Reis in his official capacity (i.e., the City of Lincoln). However, the court will grant Plaintiff leave to file an Amended Complaint to allege such a claim *if factually supported.*

## B. Amendment of Complaint to Allege Section 1983 Claim Against Officer Reis in Individual Capacity

If Plaintiff files an amended complaint, he may choose to assert claims against Officer Reis in his individual capacity. Plaintiff's Complaint suggests claims for excessive force and for requiring Plaintiff to talk to Officer Reis despite Plaintiff's request for a lawyer.

### 1. Excessive Force

Plaintiff alleges that Officer Reis choked and punched him when Officer Reis came to the Lancaster County Jail (where Plaintiff was confined) to give Plaintiff a ticket. In analyzing a 42 U.S.C. § 1983 claim for excessive force, the court must first identify "the specific constitutional right allegedly infringed by the challenged application of force." *Graham v. Connor*, 490 U.S. 386, 394 (1989).

It is not clear whether Plaintiff was a pretrial detainee or a convicted prisoner when the alleged excessive force occurred. The use of force against a pretrial detainee is measured by the substantive due process standard of the Fifth and Fourteenth Amendments, under which a detainee's constitutional rights are violated when the detainee's conditions of confinement constitute punishment.[1] *Morris v. Zefferi*, 601 F.3d 805, 809 (8th Cir. 2010); *Johnson-El v. Schoemehl*, 878 F.2d 1043, 1048-49 (8th Cir. 1989). Under this standard,

---

[1] A pretrial detainee cannot be punished before an adjudication of guilt. *Morris*, 601 F.3d at 809.

4

> [t]he use of force must be objectively reasonable in the light of the situation presented. *Andrews v. Neer*, 253 F.3d 1052, 1060 (8th Cir. 2001) (citing *Johnson-El v. Schoemehl*, 878 F.2d 1043, 1048-49 (8th Cir. 1989)). When making this determination, the court must consider: (1) the need for applying force; (2) the relationship between that need and amount of force used; (3) the threat reasonably perceived; (4) the extent of injury inflicted; (5) whether force was used for punishment or instead to achieve a legitimate purpose such as maintaining order or security; and (6) whether a reasonable officer on the scene would have used such force under similar circumstances. *Andrews*, 253 F.3d at 1061, n.7.

*Manual of Model Civil Jury Instructions for the District Courts of the Eighth Circuit*, at pp. 4-14 to 4-15 (2019).

If Plaintiff was a convicted prisoner at the time of the alleged excessive force, the Eighth Amendment provides the appropriate standard. *Whitley v. Albers*, 475 U.S. 312 (1986). To establish an Eighth Amendment claim of excessive force, a plaintiff must prove that: (1) the defendant used force against the plaintiff; (2) the force used was excessive and applied maliciously and sadistically for the purpose of causing harm; and (3) that as a direct result, the plaintiff was injured. *Manual of Model Civil Jury Instructions for the District Courts of the Eighth Circuit*, at p. 4-16. Factors to be considered in determining whether the force used was excessive are the need for the application of force; the relationship between the need and the amount of force used; the extent of the injury inflicted; and whether the force was used to achieve a legitimate purpose or maliciously and sadistically for the purpose of causing harm. "Maliciously" means "intentionally injuring another without just cause or reason," and "sadistically" means "engaging in extreme or excessive cruelty or delighting in cruelty." *Id*.

I shall grant Plaintiff leave to file an amended complaint to include an excessive-force claim against Defendant in his individual capacity. Such claim must specify whether Plaintiff was a pretrial detainee or convicted prisoner at the time of

5

the event at issue and should clarify the nature and severity of the force used, the circumstances surrounding the use of force, and the resulting injuries, if any.

### 2. Violation of Constitutional Right Against Self-Incrimination

Plaintiff seeks to assert a section 1983 claim stemming from Defendant Reis's command that Plaintiff speak to him when he came to the jail to issue a ticket to Plaintiff despite Plaintiff's request for a lawyer. However, "a violation of the constitutional *right* against self-incrimination occurs only if one has been compelled to be a witness against himself in a criminal case." *Chavez v. Martinez*, 538 U.S. 760, 770 (2003) (plurality); *see also United States v. Verdugo-Urquidez*, 494 U.S. 259, 264 (1990) ("The privilege against self-incrimination guaranteed by the Fifth Amendment is a fundamental trial right of criminal defendants. Although conduct by law enforcement officials prior to trial may ultimately impair that right, a constitutional violation occurs only at trial." (citations omitted)).

Here, because Plaintiff does not allege that he was charged with a crime based on Defendant Reis's questioning of him, Plaintiff has failed to state a Fifth Amendment claim. *See Winslow v. Smith*, 696 F.3d 716, 731 n.4 (8th Cir. 2012) (no § 1983 claim stated based on Fifth Amendment because plaintiffs did not proceed to criminal trial; violation of Fifth Amendment Self-Incrimination Clause does not occur until statements compelled by police interrogation are used at criminal trial); *Entzi v. Redmann*, 485 F.3d 998, 1002 (8th Cir. 2007) ("the general rule is that a person has no claim for civil liability based on the Fifth Amendment's guarantee against compelled self-incrimination unless compelled statements are admitted against him in a criminal case"); *Hancock v. Chancellor*, No. 5:17-CV-05018, 2017 WL 1735168, at *2 (W.D. Ark. May 3, 2017) (no § 1983 claim under Fifth Amendment in case where detectives and transport officers questioned plaintiff, but plaintiff did not allege that any statements made during questioning were used against him at trial).

Accordingly, this claim will be dismissed.

## C. State-Law Assault Claim

Plaintiff's Complaint alleges that Defendant Reis in his official capacity committed "assault," an intentional tort under Nebraska law. Because Plaintiff also claims that Defendant physically injured him as part of the assault, he also alleges that Defendant committed battery.[2]

The Nebraska Political Subdivisions Tort Claims Act, Neb. Rev. Stat. §§ 13-901 to 13-928 (Westlaw 2020) ("PSTCA") is "the exclusive means by which a tort claim may be maintained against a political subdivision or its employees." *Geddes v. York Cty.*, 729 N.W.2d 661, 665 (2007); *see also Britton v. City of Crawford*, 803 N.W.2d 508, 514 (Neb. 2011) ("Where a claim against a political subdivision is based upon acts or omissions of an employee occurring within the scope of employment, it is governed by the provisions of the PSTCA.").[3]

> The PSTCA reflects a limited waiver of governmental immunity and prescribes the procedure for maintenance of a suit against a political subdivision. It is the *exclusive means* by which a tort claim may be maintained against a political subdivision or its employees. Statutes that

---

[2] "Battery and assault are separate torts resulting from a defendant's intentional actions directed toward another. . . . A battery requires 'an actual infliction' of an unconsented injury upon or unconsented contact with another. . . . In contrast, [the Nebraska Supreme Court has] characterized the intentional tort of assault as a 'wrongful offer or attempt with force or threats, made in a menacing manner, with intent to inflict bodily injury upon another with present apparent ability to give effect to the attempt,' without requiring that the one assaulted be subjected to any actual physical injury or contact." *Reavis v. Slominski*, 551 N.W.2d 528, 536 (Neb. 1996) (quoting *Bergman v. Anderson,* 411 N.W.2d 336, 339 (Neb. 1987) (internal quotations and citation omitted)).

[3] The PSTCA states that "no suit shall be maintained against [a] political subdivision or its officers, agents, or employees on any tort claim except to the extent, and only to the extent, provided by the Political Subdivisions Tort Claims Act." Neb. Rev. Stat. § 13-902. Defendant City of Lincoln is a political subdivision of the State of Nebraska. Neb. Rev. Stat. § 13-903(1).

7

purport to waive the protection of sovereign immunity of the State or its subdivisions are strictly construed in favor of the sovereign and against the waiver.

*Geddes*, 729 N.W.2d at 665 (footnotes omitted & emphasis added).

However, the PSTCA does not authorize tort claims against municipalities for "[a]ny claim arising out of assault, battery . . . . ," sometimes referred to as the intentional-torts exception. Neb. Rev. Stat. § 13-910(7). Here, Plaintiff alleges that Officer Reis choked and punched Plaintiff when Officer Reis came to the Lancaster County Jail to give Plaintiff a ticket—in other words, committed assault and battery. Therefore, Plaintiff's state-law tort claims against Officer Reis in his official capacity (i.e., the City of Lincoln) must be dismissed as barred by the PSTCA.

IT IS ORDERED:

1. Plaintiff is granted leave to file an amended complaint in the following particulars:

    a. to state a cognizable 42 U.S.C. § 1983 claim against Defendant Lincoln Police Officer Reis in his official capacity (i.e., the City of Lincoln), providing that Plaintiff can truthfully allege plausible facts indicating that the City of Lincoln's official policy or custom caused a violation of Plaintiff's constitutional rights;

    b. to allege an excessive-force claim against Defendant in his individual capacity, including specifying whether Plaintiff was a pretrial detainee or convicted prisoner at the time of the event at issue and clarifying the nature and severity of the force used, the circumstances surrounding the use of force, and the resulting injuries, if any.

2. Plaintiff's Fifth Amendment self-incrimination claim is dismissed for failure to state a claim upon which relief can be granted.

3. Plaintiff's state-law tort claim is dismissed as barred by the Nebraska Political Subdivisions Tort Claims Act, Neb. Rev. Stat. §§ 13-901 to 13-928 (Westlaw 2020).

4. Plaintiff shall have until **November 20, 2020**, to file an amended complaint in accordance with this Memorandum and Order. Failure to file an amended complaint within the time specified by the court will result in the court dismissing this case without further notice to Plaintiff.

5. In the event that Plaintiff files an amended complaint, Plaintiff shall restate the allegations of the current Complaint (Filing 1) and any new allegations. Failure to consolidate all claims into ***one document*** may result in the abandonment of claims.

6. The Clerk of Court is directed to set a pro se case management deadline using the following text: **November 20, 2020**: amended complaint due.

DATED this 21st day of October, 2020.

BY THE COURT:

*Richard G. Kopf*
Richard G. Kopf
Senior United States District Judge